JOHN S. AGENS AND JOHN W. LOUCKS *vs.* HAMPTON B. SMITH.

A circuit court commissioner has no authority to make an order citing a party to appear before a circuit judge or circuit court, on an application to dissolve an attachment; and such application and citation do not operate as a stay of proceedings.

*Delta Circuit, September,* 1870.

*Mr. Mapes,* for Plaintiffs.

*Mr. Clark,* for Defendant.

This was a suit commenced by attachment, the writ personally served, narr. filed, default entered, and the same made absolute at the present term of the Court, with order for assessment of damages. It appeared that after the issuing of the attachment, the defendant, by his attorney, made application to a circuit court commissioner for a dissolution of the attachment, under the provisions of the statute on that subject, *C. L.* 1275, and the commissioner issued a citation returnable before the circuit judge on the first day of the present term of the Court, which was served on the plaintiffs in Marquette County, by the sheriff of that county. There was no order for stay of proceedings. The plaintiffs now move for assessment of their damages.

The defendant, by his attorney, objects, and insists that by the proceedings for the dissolution of the attachment, the other proceedings in the cause are stayed until those are disposed of that the default is irregular, and the plaintiffs are not entitled now to recover damages assessed.

1, That the circuit court commissioner had no power to make such order for citation before the circuit judge.

2, That the application was by attorney, when it should have been by defendant in person.

3, That under the statute referred to it could not be served by the sheriff of Marquette County, or other than Delta County.

*By the Court,* GOODWIN, J.—The proceedings provided for in the statute referred to, are special before the respective officers mentioned in it, and not before the Court in term, and it is not competent under it for the circuit court commissioner to make the citation issued by him returnable before the circuit judge or in term time—he could only make it returnable before himself there was no order staying the ordinary proceedings in the cause. The plaintiffs' proceedings being regular, they are therefore entitled to proceed with the assessment of their damages.